UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melanie Kelley, | ) C/A No.: 4:07-3613-RBH-TER |
|               Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Edward E Saleeby; Debbie J Freeman; Harriet E Wilmeth; Carl A Saleeby; Lisa Cohen; Gerald Malloy; Jamie Murdock; Marvin C Lawson; Cheryl Turner Hopkins; Turner Padget Graham & Laney; and Johnny Junior Mitchell, | ) |
|               Defendant(s). | ) |

Plaintiff, who is proceeding *pro se*, has filed this civil matter against multiple defendants. Plaintiff raises a number of issues, including but not limited to, issues pertaining to her divorce, her worker's compensation case, and a case against one of the defendants that is apparently pending at the South Carolina Court of Appeals. She also claims that some of the defendants went through her personal belongings, and she indicates she delivered a pizza to a woman who passed away a few days later. Plaintiff does not indicate in her complaint what grounds she believes would invoke the jurisdiction of this court. In her prayer for relief she asks the Court to "take hold" of her accounts, mover her family to a new location, and restore her stolen paperwork.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595

F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

In order for this Court to hear or decide a case, the Court must first have jurisdiction over the subject matter of the litigation. It is well established that federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and federal statute. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). This limited jurisdiction is not to be expanded by judicial decree. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *see Turner v, Bank of North America*, 4 U.S. (4. Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the

complaint filed by the plaintiff in the above-captioned matter do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction because some of the defendants, and the plaintiff, are residents of the State of South Carolina. Hence, complete diversity of the parties is absent and diversity jurisdiction is lacking.

Second, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's complaint involves issues pertaining to her divorce, reference to a workers compensation, reference to a pending state court case, and a claim for the return of personal items. Generally, such disputes are matters of state law to be heard in the state courts, unless diversity jurisdiction lis present. Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by any defendant, nor is any type of federal question jurisdiction evident from the face of the complaint.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B).

                                                           s/Thomas E. Rogers, III
                                                           Thomas E. Rogers, III

Florence, South Carolina                           United States Magistrate Judge
February 22, 2008

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).