UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Melanie Kelley, | ) | C/A No. 4:07-3613-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Edward E. Saleeby; Debbie J. Freeman; Harriet E. Wilmeth; Carl A. Saleeby; Lisa Cohen; Gerald Malloy; Jamie Murdock; Marvin C. Lawson; Cheryl Turner Hopkins; Turner Padget Graham & Laney; and Johnny Junior Mitchell, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Melanie Kelley, proceeding *pro se*, brought this action alleging various claims based upon state law.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge issued a Report and Recommendation on February 22, 2008, in which he recommended that the complaint be dismissed without prejudice and without issuance and service of process on the basis of lack of subject matter jurisdiction.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made,

1

and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

On March 6, 2008, the plaintiff filed a letter with attached documents which the court will attempt to construe as objections to the Report and Recommendation.

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further.  See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added). Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation.  Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff's

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

filing is simply an effort to rehash the allegations of her complaint. Moreover, the plaintiff's letter construed as objections nowhere addresses the recommendations by the Magistrate Judge that this Court lacks jurisdiction based on diversity of citizenship, since the plaintiff and defendants are all citizens of South Carolina, and that there is no basis alleged for federal question jurisdiction.

## Conclusion

After a review of the record before it, the court overrules any objections by the plaintiff, adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 29, 2008
Florence, SC

---

Fed. R. Civ. P. 72(b) (emphasis added).

3